IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LETA JOHNSON, )<br>)<br>Plaintiff, )<br>) CIVIL ACTION<br>v. )<br>) No. 19-1023-JWL<br>)<br>ANDREW M. SAUL, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Motion for Attorney Fees pursuant to The Equal Access to Justice Act. (EAJA) (28 U.S.C. § 2412) (Doc. 16). The Commissioner admits that a fee award is proper but argues that the amount requested is unreasonable because the 7.5 hours of law clerk time spent summarizing the transcript and preparing a statement of facts was duplicative of the "approximately 5 hours" (4.7 hours) the attorney spent "reviewing the transcript [(2.5 hours)], and then reviewing and editing the statement of facts [(2.2 hours)]." (Doc. 17, p.2) (citing Doc. 16, Attach. 3, pp.1, 2). The court finds no duplicative work here. Therefore, the court GRANTS Plaintiff's motion for fees for 16.10 attorney hours at the rate of $193.75 and 7.5 law

clerk hours at the rate of $100.00, resulting in a fee award of $3,869.38 as explained hereinafter.

**I.    Background**

Plaintiff sought review of the ALJ's decision denying benefits. (Doc. 1). The Commissioner answered and filed the transcript with the court. (Docs. 9, 10). After Plaintiff filed her Social Security Brief (Doc. 11), the Commissioner filed a motion for remand (Doc. 12) and the parties filed an agreed order reversing and remanding the case for further proceedings, which the court signed. (Doc. 13). The court entered judgment remanding the case pursuant to sentence four of 42 U.S.C. § 405. (Doc. 14). Plaintiff now seeks payment of attorney fees pursuant to the EAJA.[1] (Doc. 16).

**II.    Legal Standard**

---

[1]In relevant part, the EAJA states:

(d)(1)(A) ... a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. ...

(2)(A) For the purposes of this subsection--

... (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, ... justifies a higher fee.

28 U.S.C. § 2412.

The court has a duty to evaluate the reasonableness of every fee request. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The EAJA, 28 U.S.C. § 2412, requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)). The test for substantial justification is one of reasonableness in law and fact. Id. The Commissioner bears the burden to show substantial justification for her position. Id.; Estate of Smith, 930 F.2d at 1501. The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living. Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).

The party seeking attorney fees bears the burden of proving that its request is reasonable and must "submit evidence supporting the hours worked." Hensley, 461 U.S. at 433, 434. The objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended. Bell v. United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989).

### III. Discussion

#### A. Arguments

The Commissioner attacks only the reasonableness of the law clerk hours, which he argues are duplicative of 4.7 hours of the attorney. (Doc. 17, pp.2-3). He argues, "the attorney hours in this case were reasonable, but the law clerk hours were duplicative,

meaning that the fee awarded should be no more than $3,119.38." Id. at 3. Plaintiff argued:

> rather than charging attorney time to become familiar with the transcript, Plaintiff's counsel employed a law clerk to summarize the transcript, thus resulting in only 4.70 hours of attorney time required to review the transcript—including the law clerk's summary—research the law, and prepare an outline of the arguments. Under these circumstances, the time billed for the law clerk is neither duplicative nor excessive.

(Doc. 18, p.3) (citing Folk v. Berryhill, Case No. 16-01433-JAR, slip opinion (D. Kan. Nov. 22, 2017); Richey v. Astrue, No. CIV-06-1323-C, 2008 WL 2199501, at *2 (W.D. Okla. May 27, 2008); Lemons v. Astrue, No. CIV-08-002-JHP, 2010 WL 6971890, at *1 (E.D. Okla. Dec. 1, 2010)). She quotes Judge Robinson for the proposition that "[t]he hourly rate difference between attorney and law clerk time balances any duplicative work concerns." Folk, slip opinion.

### B. Analysis

This court agrees with Judge Robinson's analysis. Reviewing a Social Security record is tedious and time-consuming. Having a law clerk review the record initially, summarize it, and provide a preliminary statement of facts enables the attorney to organize his review, focusing on areas of the transcript which appear to be more useful and productive for his case. He can then merely edit the statement of facts, as he did here, rather than preparing a new statement of facts for his Brief. Moreover, the Commissioner's argument that "the attorney's review and editing of [the law clerk's] five-page Statement of Facts took almost as much time as it took the law clerk to draft

4

those five pages" (Doc. 17, pp.2-3) does not account for the fact that before editing the Statement of Facts the attorney had already performed his (focused) review of the transcript, researched the law his focused review found relevant, and prepared an outline of his arguments, all in 2 and one-half hours. (Doc. 16, Attach. 3, p.1). Therefore, when he reviewed and edited the law clerk's Statement of Facts, id., he no doubt focused the law clerk's work to his arguments and organization. As Judge Robinson noted, "[t]he hourly rate difference between attorney and law clerk time balances any duplicative work concerns." Folk, slip opinion at 3.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act" (Doc. 16) be GRANTED, and that fees be awarded in the sum of $3,869.38.

Dated October 17, 2019, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**